# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| KARON JORDAN, | ) | |
|---|---|---|
| Movant, | ) | |
| | ) | |
| | ) | No. 3:18-cv-001268 |
| v. | ) | Judge Trauger |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se motion to vacate, set aside, or correct sentence by Karon Jordan under 28 U.S.C. § 2255, in which he contends that his judgment should be vacated because his pre-sentence report does not accurately reflect this court's corrections to the report during his sentencing hearing. (Doc. No. 1). He specifically asks the court "to amend the judgment by correcting the PSI and Statement of Reasons and memorializing them in the judgment order and to provide the BOP with a certified copy of the amended judgment and corrected PSI." (*Id*. at 1-2). He further alleges that the attorney who represented him at sentencing, Michael Noel, provided ineffective assistance of counsel and there is a reasonable probability that, but for counsel's deficient performance, the defendant would have been eligible for, and placed in, the Federal Bureau of Prison's Residential Drug Abuse Program (RDAP). The United States has responded in opposition, urging the court to deny the motion. (Doc. No. 3). The movant has filed a reply. (Doc. No. 4).

**I.      Background**

The defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing heroin and a mixture and

1

substance containing a quantity of fentanyl. *See United States v. Karon Jordan*, No. 3:14-cr-00090-5 (M.D. Tenn.) (judgment entered 6/13/2017) (Doc. No. 1537). Based upon the defendant's guilty plea and conviction, on May 26, 2017, the court sentenced him to a term of 120 months imprisonment, to be followed by a five-year term of supervised release. (*Id*., Doc. Nos. 1532, 1537).

During the defendant's sentencing, the court asked the defendant if he had read the second revised pre-sentence report, to which he replied "Yes, ma'am." (*Id*., Doc. No. 1553 at 2). The court further asked the defendant if he felt that he understood the pre-sentence report, and he replied, "Yes, ma'am." (*Id*.) The court asked the probation officer to reflect only Count One on the cover page and remove the additional counts.[1] (*Id*.) Defense counsel objected to paragraphs 10-15 of the pre-sentence report, which set forth information regarding the use of firearms by members of the conspiracy and Jordan's encouragement. (*Id*., Doc. No. 1531 at 2). The court noted that the basis for the defendant's objection was "the fact that he thinks there will be programs that Mr. Jordan won't be eligible for because of the leadership role and the – and the firearms." (*Id*., Doc. No. 1553 at 6). Defense counsel conceded that "[t]he Court's just going to have to call it the way you see it. It doesn't change the ten years. It – but it may impact the programs, as you said." (*Id*., Doc. No. 1553 at 9).

Ultimately, the court denied Jordan's request to remove the challenged paragraphs but agreed to add language on which the parties could agree—that Jordan was not present during those events and did not furnish the firearm used. (*Id*., Doc. No. 1553 at 14). The parties agreed to the language and agreed to place the language in paragraph 16 of the pre-sentence report. (*Id*., Doc.

---

[1] The defendant was charged in several counts of the Second Superseding Indictment, but this indictment was dismissed by the court as to this defendant, and he was allowed to plead to the single count in the Superseding Indictment. (Case No. 3:14-cr-00090-5, Doc. No. 1526)

2

No. 1553 at 11-14). Defense counsel also objected to the 4-level increase for leadership role, and the court determined the defendant should receive a 3-level increase instead of a 4-level increase. (*Id*., Doc. No. 1553 at 14-15).

While incarcerated, on September 18, 2017, the defendant wrote a letter to the court, asking for a copy of his pre-sentence report. (*Id*., Doc. No. 1564). By Order entered on September 26, 2017, the court notified the defendant that he is not allowed to possess a copy of his pre-sentence report while imprisoned. (*Id*., Doc. No. 1565). However, the court informed the defendant that he should be able to view the pre-sentence report with his case manager at the institution. (*Id*.)

On January 17, 2018, the defendant filed a motion under 28 U.S.C. § 2241 for a writ of habeas corpus, in which he contended that the court violated his due process rights by failing to amend his pre-sentence report subsequent to his objections during his sentencing hearing. *Karon Jordan v. United States*, No. 3:18-cv-00063 (M.D. Tenn.) (Trauger, J.) (Doc. No. 1). The court denied his motion, finding that the court lacked jurisdiction to grant the petitioner relief because he was not confined in the Middle District of Tennessee, nor was his custodian located within the Middle District of Tennessee. (*Id*., Doc. No. 16).

On March 16, 2018, the defendant filed a motion to correct judgment in his criminal case pursuant to Rule 36 of the Federal Rules of Criminal Procedure, in which he argued that his pre-sentence report in the possession of the Bureau of Prisons did not accurately reflect the court's corrections to the pre-sentence report, as set forth by the court at the time of the defendant's sentencing. *United States v. Karon Jordan,* 3:14-cr-00090 (M.D. Tenn.) (Trauger, J.) (Doc. No. 1594). As he does now, the defendant specifically asked the court "to amend the judgment by correcting the PSI and Statement of Reasons and memorializing them in the judgment order and to provide the BOP with a certified copy of the amended judgment and corrected PSI." (*Id*., Doc.

3

No. 1594 at 1-2). In addition, the defendant asked the court to recharacterize his Rule 36 motion to correct judgment as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, if the court determined that relief was unavailable to the petitioner under Federal Rule of Criminal Procedure 36. (*Id.*, Doc. No. 1594 at 6). By Order and Memorandum entered on September 6, 2018, the court denied the defendant's motion and granted him permission to file a § 2255 motion if he so desired. (*Id.*, Doc. No. 1620). The defendant then filed the instant motion. (Doc. No. 1).

**II.    Analysis**

The petitioner seeks relief pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a movant "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing also is unnecessary "if the petitioner's allegations 'cannot be accepted as true

because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id*.

Having reviewed the pleadings, briefs, and records filed in Jordan's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing to resolve his claims.

**A.     Request to Modify the Pre-Sentence Report**

The movant contends that his judgment should be vacated because his pre-sentence report does not accurately reflect this court's corrections to the report during his sentencing hearing. (Doc. No. 1). He specifically asks the court "to amend the judgment by correcting the PSI and Statement of Reasons and memorializing them in the judgment order and to provide the BOP with a certified copy of the amended judgment and corrected PSI." (*Id*. at 1-2).

The court has personally reviewed the version of the defendant's pre-sentence report in the hands of the Bureau of Prisons,[2] and all revisions ordered by the court at sentencing have been made. (*See* Case No. 3:14-cr-00090, Doc. No. 1620 at 3-5). The movant's request, therefore, has no merit.

**B.     Ineffective Assistance of Counsel and Due Process Allegations**

Next, the movant alleges that his attorney provided ineffective assistance of counsel at sentencing and a reasonable probability exists that, but for counsel's deficient performance, the defendant would have been eligible for, and placed in, the Federal Bureau of Prison's RDAP program. (Doc. No. 1 at 3-4).

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees the right of a person accused of a crime to the effective

---

[2] The Bureau of Prisons has the last version of the pre-sentence report, which was revised after the court's rulings made at the May 26, 2017 sentencing. (Case No. 3:14-cr-0090-5, Doc. No. 1596, Attach. 1 at 1).

assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bell v. Cone*, 535 U.S. 685, 694-95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 686-87; *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In assessing performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Reasonable attorneys may disagree on the appropriate strategy for defending a client. *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). The prejudice element requires a movant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland*, 466 U.S. at 695. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

First, the movant contends that counsel did not show the defendant the pre-sentence report after it had been revised following dismissal of the Second Superseding Indictment, "so that, as permitted by Fed. R. Crim. P. 32(c)(3), he would have had the opportunity to point out any factual inaccuracies to the sentencing judge." (Doc. No. 4 at 1). The movant asserts this claim as an ineffective assistance of counsel claim and as what he calls a "free-standing" due process claim. (*Id.*)

"Convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information." *Stevens*, 851 F.2d at 143 (citing *Rone*, 743 F.2d at 1171). For a claim regarding the sentencing court's reliance on inaccurate information within a pre-sentence report to amount to a constitutional due process violation, "the defendant must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence." *United States v. Fry*, 831 F.2d 664, 667 (6th Cir.1987). A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. *Edwards,* 800 F.2d at 143. The defendant must show (1) that the information before the sentencing court was false and (2) that the court relied on the false information in passing sentence. *Id.* (citing *United States v. Harris*, 558 F.2d 366, 375 (7th Cir.1977)); *Edwards*, 800 F.2d at 880.

Here, the pre-sentence report before the court on May 26, 2017 was the second version, which had been revised after this court's ruling on May 18, 2017 that the Second Superseding Indictment would be dismissed as to this defendant. (Case No. 3:14-cr-00090-5, Doc. No. 1526). The defendant responded during the sentencing hearing that he had read this version of the pre-sentence report (*Id.*, Doc. No. 1553 at 2), and his lawyer had filed, prior to the sentencing, his Supplemental Position, objecting to certain matters contained within this May 22, 2017 version of

7

the pre-sentence report. (*Id*., Doc. No. 1531). As the sentencing hearing transcript reveals, the court carefully considered the defense's objections, ruled in favor of the defendant in reducing leadership role, but denied the request to omit paragraphs 10-15 from the factual recitation in the pre-sentence report. (*Id*., Doc. No. 1553 at 10). The transcript reveals that the court carefully considered whether or not to strike the objected-to paragraphs from the pre-sentence report, in light of the fact that they might affect the defendant's eligibility for certain programs with the Bureau of Prisons, but determined, on balance, that they should stay in the pre-sentence report. Therefore, the defendant's assertion that he had no opportunity to object to the factual recitations in the pre-sentence report being considered at his sentencing hearing is without merit.

In any event, the movant has not shown that the court relied on false information in sentencing him. Therefore, the movant cannot show that he was deprived of his rights under the due process clause. *See Stevens*, 851 F.2d at 144 n.8 (where defendant claims that he was denied his rights to due process when the court failed to hold an evidentiary hearing on his claims of factual disparities in the pre-sentence report, court found no due process violation "when defendant and his counsel were afforded adequate opportunity to comment on the report at the sentencing hearing" and failed to do so).

Second, the movant argues that Mr. Noel performed deficiently by failing to object when "Probation Officer Winfree suggested that Jordan was aware of the gun and that such information should be included in the PSR." (Doc. No. 4 at 3). The court has reviewed the transcript of the defendant's sentencing hearing and found no such statement by Probation Officer Winfee. She did suggest that the words "against Jenkins" be included in the added language. (Case No. 3:14-cr-00090-5, Doc. No. 1553 at 13-14). However, the idea to include some additional mitigating

8

language because the court left in the objected-to paragraphs was defense counsel's, not Probation Officer Winfee's. (*Id*. at 8-9).

Third, the movant argues that Mr. Noel was ineffective by failing to persuade the court to remove paragraphs 10-15 of the revised pre-sentence report. (Doc. No. 4 at 4). These paragraphs contained language about the movant's leadership role and the gun. The objection to these paragraphs was contained in defense counsel's written Sentencing Position filed before the sentencing hearing. (Case No. 3:14-cr-00090-5, Doc. No. 1531).

During the defendant's sentencing hearing, defense counsel argued to the judge that, if the judge overruled the defendant's objections to paragraphs 10-15, the court should include a sentence that the defendant was not present when the shooting occurred because he was concerned that the challenged paragraphs "may impact" the defendant's eligibility for the RDAP program. (Case No. 3:14-cr-00090, Doc. No. 1553 at 8-9).

In overruling the defendant's written and oral objection to the inclusion of paragraphs 10-15, the court found that "all of the facts in paragraphs 10 through 15 are appropriately included." (*Id*., at 10). But the court worked with the parties to fashion language to be included in the pre-sentence report that Mr. Jordan was not present during the events. (*Id*.) The court also agreed with defense counsel that the pre-sentence report contained "all this stuff about him knowing about a gun" and suggested that the parties add language stating that the defendant did not furnish the gun. In the end, it was agreed that language to the effect that the defendant was not present at the time of the shooting and did not furnish the firearm that was used be added to paragraph 16. (*Id*. at 13-14). The court also reduced the leadership role by one point, finding that the defendant fell more appropriately under 3B1.1(b), a manager or supervisor but not an organizer, a finding in the defendant's favor as it reduced his offense level to 36. (*Id*. at 14).

Although the court overruled defense counsel's objection to the inclusion of paragraphs 10-15, counsel's efforts were successful in persuading the court to add language stating that the defendant was not present at the time of the shooting and did not furnish he firearm that was used; likewise, counsel succeeded in convincing the court to reduce the defendant's leadership role by one point.  The court finds that counsel's performance was not deficient.

Similarly, the court finds that the movant's due process rights were not violated when the court decided to leave paragraphs 10-15 in the pre-sentence report.  The movant contends that the court should have "resolved the factual dispute instead of merely informing him and the United States to incorporate mutually agreeable explanatory language in the PSR."  (Doc. No. 4 at 9). However, to the extent that there was a factual dispute, the court resolved it.  The court found that "all of the facts in paragraphs 10 through 15" were "appropriately included"  (Case No. 3:14-cr-00090, Doc. No. 1553 at 10), thus overruling the defense written and oral objection.

Fourth, to the extent that the defendant complains that defense counsel did not review the pre-sentence report with him after the revisions ordered during the sentencing hearing were made, the defendant had no right to do so.  In most instances, the defendant will have already been transported to the Bureau of Prisons before revisions ordered during a sentencing hearing are made to the pre-sentence report.  The only instances where defense counsel might have the opportunity to conduct that review with the defendant is if the defendant is being allowed to self-report and is still on release and available to defense counsel at the time that the revised pre-sentence report is produced.  At any rate, this court always reviews the pre-sentence report to assure that revisions ordered during the sentencing hearing have been made before the court enters the judgment and commitment order, so that the correct version of the pre-sentence report is transmitted, along with the judgment and commitment order, to the Bureau of Prisons.  The court did that in this case and,

as the defendant has now been told on more than one occasion, all revisions ordered by the court during the sentencing hearing were made to the pre-sentence report. Therefore, this objection by the defendant also has no merit.

As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the movant. *Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985). The movant fails to meet his burden in this case. The record reflects that counsel argued the defendant's sentencing position to the court during his sentencing hearing, and the court ruled on each issue raised. (*See* Case No. 3:14-cr-00090, Doc. No. 1553 at 2, 10, 11-14). The pre-sentence report accurately reflects the court's changes to the pre-sentence report as ordered at the time of sentencing. The movant has not shown that his counsel's performance fell below an objective standard of reasonableness, nor has he made a threshold showing that his counsel's performance caused the movant to suffer actual prejudice at sentencing. The movant fails to state a colorable claim for relief based on the ineffective assistance of counsel, and these claims must be dismissed.

In sum, the movant has not established an error of constitutional magnitude, a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of his right to due process of law.

### III. Conclusion and Order

For the reasons discussed herein, Karon Lee Jordan's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 1) is hereby **DENIED.** Accordingly, this action is **DISMISSED**.

Rule 11(a) of the Rules Governing § 2255 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the "applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court finds that the movant has not satisfied this standard and therefore **DENIES** a certificate of appealability.

It is so **ORDERED**.

ENTER this 30th day of January 2019.

_____
Aleta A. Trauger
United States District Judge