# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **KARON JORDAN,** | ) | |
| **Movant,** | ) | |
| | ) | |
| | ) | **No. 3:18-cv-001268** |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

Karon Jordan, a prisoner confined at the Federal Correctional Institute Forrest City – Low in Forrest City, Arkansas, filed a pro se motion to appoint counsel to assist him with submitting a motion under the First Step Act. (Doc. No. 6).

Upon receipt of the motion, the court ordered the respondent to respond and specifically to address whether the First Step Act applies to Jordan. (Doc. No. 7 at 1). On January 27, 2020, the respondent filed a document entitled "Answer to Motion to Vacate, Set Aside, or Correct Sentence." (Doc. No. 14).

There is no pending motion to vacate, set aside, or correct sentence in this case. By order and memorandum entered on January 30, 2019 (Doc. No. 5), the court denied Jordan's § 2255 motion.[1] (Doc. No. 1). The court therefore construes the respondent's filing as the court-ordered response to Jordan's motion for the appointment of counsel.

In that motion, Jordan asserts that appointed counsel could help him obtain a sentence reduction in two ways. First, he contends that he is eligible for relief under Section 404 of the

---

[1] In his § 2255 motion, Jordan brought two claims, neither of which relied on the First Step Act: he alleged that his judgment should be vacated because his Pre-Sentence Report did not accurately reflect the court's corrections to the report during his sentencing hearing and that he received ineffective assistance of counsel at sentencing. (Doc. No. 1).

1

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Section 404 gives retroactive effect to segments of the Fair Sentencing Act of 2010, Public Law 111–220, 124 Stat. 2372 ("FSA"), which increased the respective threshold quantities of crack cocaine required to trigger each of the tiered statutory maximum and minimum punishments prescribed by 21 U.S.C. § 841(b)(1). *See* First Step Act § 404; FSA § 2. By its terms, Section 404(b) makes a defendant eligible for relief provided only that the defendant was convicted of a "covered offense." *Id*. "[E]ligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019).

In 2014, Jordan was charged in a second superseding indictment with three counts of conspiracy to distribute heroin (count one), marijuana (count two), and methamphetamine (count three), in violation 21 U.S.C. § 846; conspiracy to discharge a firearm in furtherance of a drug-trafficking crime (count eight), in violation of 18 U.S.C. § 924(c)(1)(A); possession of a firearm in furtherance of a drug-trafficking conspiracy (count nine), in violation of 18 U.S.C. § 924(c)(1)(A); carrying, using, and discharging a firearm during and in relation to a drug-trafficking crime (count ten), in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm in furtherance of a drug-trafficking crime (count eleven), in violation of 18 U.S.C. § 924(c)(1)(A). Jordan initially pleaded guilty to the three drug-trafficking counts and to two § 924(c) counts in exchange for an agreed-upon sentence of 17.5 years of imprisonment. Prior to sentencing, however, Jordan moved to withdraw his guilty plea on the ground that his attorney had provided ineffective assistance in advising him to reject the government's initial plea offer, which involved a 10-year sentence. The district court granted Jordan's motion and allowed him to plead guilty to count one of the superseding indictment, which was identical to count one of the second

superseding indictment, in exchange for a 10-year sentence. Thus, Jordan's sole count of conviction was for conspiracy to distribute heroin in violation of 21 U.S.C. § 846. *See United States v. Karon Key Jordan*, No. 3:14-cr-00090-5, Doc. No. 1526 at PageID# 6788; Doc. No. 882 at PageID# 3450-51. Jordan did not appeal.

Nothing in Jordan's First Superseding Indictment, plea agreement, nor Pre-Sentence Report reference the possession, distribution, or trafficking of "crack cocaine" or "cocaine base." Consequently, because Jordan was not convicted of a "covered offense" under 18 U.S.C. § 924, he is not eligible for relief under Section 404 of the First Step Act.

Jordan also contends that he is eligible for a sentence reduction under Section 403 of the First Step Act. Previously, a defendant convicted of a 18 U.S.C. § 924(c) offense faced a mandatory 25-year sentence for each additional § 924(c) conviction under the statute's "second or subsequent count of conviction" provision, regardless of whether the convictions resulted from the same or separate indictments. *Deal v. United States*, 508 U.S. 129, 132 (1993). The First Step Act amended § 924(c) to reduce the severity of "stacking" multiple convictions in the same case. Now, instead of automatically triggering a 25-year sentence for a second or subsequent § 924(c) conviction, even one handed down concurrently, Section 403(a) of the First Step Act requires the existence of "a prior [§ 924(c)] conviction . . . [that] has become final," 18 U.S.C. § 924(c)(1)(C)(i) (2019), 132 Stat. at 5221–22 ("In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years . . . .").

However, Section 403 does not apply to Jordan's case. First, the First Step Act's changes to § 924(c) are not retroactive to cases on collateral review. *See Baugh v. United States*, No. 3:16-cv-02628, 2020 WL 409728, at *5 n.5 (M.D. Tenn. Jan. 24, 2020) (Section 403(b) of the First Step

Act includes an application note for "pending cases," explaining that the § 924(c) amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense *has not been imposed as of such date of enactment*.") (emphasis added). In any event, Section 403 only modified the penalties associated with multiple § 924(c) convictions occurring in the same case. Jordan was not convicted of multiple § 924(c) counts; he was not even convicted of a single § 924(c) count. Indeed, in denying Jordan's motion to file a second or successive § 2255 motion, the Sixth Circuit Court of Appeals recently held that Jordan's "reliance on the Supreme Court's decision in *Davis* provides him no relief because he was not convicted of a § 924(c) offense." *In re: Karon Jordan*, No. 19-6374, Order (4/27/2020) at p. 3. Thus, Section 403 has no effect on Jordan's case.

For these reasons, the court finds that it is not appropriate to appoint counsel for the purpose of assisting Jordan with pursuing claims based on Sections 403 and 404 of the First Step Act. Jordan's motion for the appointment of counsel (Doc. No. 6) therefore is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge